AUBRY, APPELLANT, *v.* AUBRY, EXR., ET AL., APPELLEES.

(No. 3791—Decided June 2, 1941.)

*Mr. Eugene Howard,* for appellant.
*Mr. William D. Driscoll,* for appellees.

LLOYD, J. Emma Aubry predeceased her husband, Toussaint E. Aubry. They were the parents of eight children, one of whom was William R. Aubry, the plaintiff.

At and prior to the death of Mrs. Aubry, which occurred on July 29, 1927, and at the time of his death on January 25, 1939, Toussaint E. Aubry was the owner in fee simple of four parcels of real estate. On December 4, 1917, the following written agreement was executed by Toussaint E. Aubry:

"No. 274849.

"I, Toussaint E. Aubry, in consideration of the sum of one dollar, and other considerations to me paid by my wife, Emma Aubry, the receipt whereof is hereby acknowledged do hereby agree that in the event my said wife shall die before me, that then in the event of my remarriage, one third of the real estate by me possessed at the time of said remarriage, shall be equally divided in fee simple, share and share alike, among my children. This agreement being made for the benefit of said children, and they are hereby de-

clared to be the real parties in interest with full power
to enforce this agreement.

"Toussaint E. Aubry
"December 4, 1917
"Witness: Alfred M. Shea and Cornell Schreiber
"Received for record, May 10, 1923, at 3:30 P. M.
"Recorded May 19, 1923.
"Arthur D. Hill, recorder."

On October 10, 1928, Toussaint E. Aubry remarried
and on March 2, 1938, executed a last will and testa-
ment which, with an added codicil executed on No-
vember 30, 1938, was duly probated. The widow elect-
ed to take under the will and her right thereunder to
the property devised and bequeathed to her thereby is
not challenged. After devising the home property to
his wife for life "or so long as she remains my widow,"
his estate to pay "for all necessary and proper ex-
penses on the same during her lifetime, she to pay the
regular taxes against said premises," and making
certain bequests, Item VI of the will provides:

"It is my will and I direct that all the rest, residue
and remainder of my estate, of every kind and charac-
ter, and wheresoever situate be divided equally among
my children, share and share alike, absolutely and in
fee simple. In the event any child be not living at the
time of my death, then it is my will and I direct that
the children of such deceased child receive the share
which said child would have received, if living."

The codicil reads:

"I, Toussaint E. Aubry, of the city of Toledo, Lucas
county, Ohio, being of sound mind and memory, do
hereby make, publish and declare this codicil to my
last will and testament dated March 2, 1938.

"Whereas by Item VI of my said last will and testa-
ment, I devised the residue of my estate to my children,.

share and share alike, now I hereby revoke said Item VI insofar only as the same relates to my son, William R. Aubry, the same to remain unaffected in all other respects and in the place of said William R. Aubry receiving an equal part of the residue of my estate as provided in said Item VI it is my will and I direct that the share so devised to my said son, William R. Aubry, by said Item VI to be given to his children, Marie Kenny, Charles Aubry, Dorothy Aubry and Donald Aubry, each to share and share alike, it being the sole and only purpose of this codicil to give said share so devised to my said son, William R. Aubry, to his said children.

"I hereby ratify and confirm my said last will and testament in all other respects.

"In witness whereof I have hereunto set my hand this 30th day of November, 1938.

"Toussaint E. Aubry."

The devise of the home property to the widow is the only specific devise of any interest in any of the four parcels of real estate owned as aforesaid by the decedent.

William R. Aubry, the plaintiff, testified that he was present when his father executed this codicil and that because of "domestic troubles" he was then having, encouraged its making and execution.

August 31, 1939, William R. Aubry, the plaintiff, commenced an action in the Court of Common Pleas against Alexis E. Aubry, a brother and the executor of the father's will, and the others interested therein and in the four pieces of real estate owned by the father at the time of his death, praying for a partition of the real estate and "for an accounting of rents and profits of said premises from the date of remarriage of Toussaint E. Aubry until partition be made."

The trial court denied the petition of the plaintiff

and after overruling a motion for a new trial, judgment was entered in favor of the four children of the plaintiff who denied in their respective answers thereto that the plaintiff, their father, ''has any legal right whatsoever to and is seized of, in fee simple, any of the real property described in'' his petition. From this judgment the plaintiff appeals on questions of law and fact. The parties are in agreement that the action is one in chancery and that the controversial questions are as to whether the plaintiff has, by virtue of the agreement between his father and mother, a right to the relief sought, and, if so, has he in any way lost that right.

. We start with the premise that the hereinbefore quoted contract vested in the children of the signer thereof the equitable title to one-third of the real estate in question—one-twenty-fourth thereof in each of them—immediately upon his remarriage, and that a partition thereof might then at once have been had. If correct in this premise, equity, not being required to detour by way of specific performance to secure to the petitioner the legal title to his portion of the real estate, will proceed directly to decree partition if not otherwise forbidden.

It is contended that the plaintiff is estopped by reason of the change made in the will by the codicil thereto, said to have been done at the request of the plaintiff, but there is no inconsistency between the contract and the provisions of the will. Devisees and legatees in a will have no independent, vested interest in any property thereby given to them and a testator can devise or bequeath by will only such property as he has, or may acquire, whether real or personal. No bona fide intervening title having been created in any of the real estate subsequent to the vesting of the equitable title in his children, there remained for tes-

tamentary disposition by Aubry the residue only of the real estate. Other than Item III of the will relating to the life estate of the widow, Item VI and the codicil are the only provisions of the will whereby the testator disposes of his real estate, the descriptive word used therein being "residue." In this residue, all of his children would have an equal interest except for the codicil which devised to the children of the plaintiff his proportionate interest therein. There being no inconsistency, there could be no estoppel.

It is also claimed that the statute of limitations has intervened to prevent the assertion of any interest in the real estate acquired through the contract. If, as already stated, the contract vested in the children of the testator upon the happening of the event therein named the equitable title to one-third of the real estate, then any of them would have been entitled, upon the happening of the contingency, to a partition of the real estate thus acquired and that title would subsist and the right to partition continue unless divested by a bona fide transfer thereof to others by Aubry in his lifetime. The title continuing uninterruptedly in the children to the time of the commencment by the plaintiff of the instant action, there is no time limitation preventing him from thereby asserting the right to the relief sought.

As to the accounting, a different question arises. The plaintiff silently and without protest acquiesced in and thereby consented to the use by the father while he lived of all of the real estate in question and to his retaining for his own purposes whatever of income there might be derived therefrom. Under these circumstances equity should not and this court will not now enforce by decree a right which by his conduct he has lost except for the time subsequent to the

date of filing by plaintiff of his petition for partition.

An accounting except as above indicated will be denied and a writ of partition ordered.

*Decree accordingly.*

Overmyer and Carpenter, JJ., concur.